**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-7138**

---

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

      v.

JON KARL THOMPSON,

                Respondent - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:15-hc-02253-FL)

---

Submitted:  April 21, 2017                                      Decided:  May 2, 2017

---

Before NIEMEYER, SHEDD, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP., Greensboro, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Robert J. Dodson, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court determined that Jon Thompson satisfied the criteria for commitment under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248 (2012). The court committed Thompson to the custody and care of the Attorney General until such time that he is no longer a sexually dangerous person. Thompson appeals, raising two issues. We affirm.

I

To civilly commit a person pursuant to 18 U.S.C. § 4248, the United States must prove by clear and convincing evidence that the individual "(1) has engaged or attempted to engage in sexually violent conduct or child molestation . . . , (2) suffers from a serious mental illness, abnormality, or disorder, and (3) as a result would have serious difficulty refraining from sexually violent conduct or child molestation if released." *United States v. Comstock*, 627 F.3d 513, 519 (4th Cir. 2010) (internal quotation marks and alteration omitted). "When applying the clear and convincing standard, the court must identify credible supporting evidence that renders its factual determination highly probable." *United States v. Antone*, 742 F.3d 151, 159 (4th Cir. 2014) (internal quotation marks omitted). Clear and convincing evidence is that which supports "a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." *Id.* (internal quotation marks omitted).

We review a district court's factual findings under § 4248 for clear error and its legal conclusions de novo. *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012). Accordingly, "[i]f the district court's account of the evidence is plausible in light of the

2

record viewed in its entirety, [we] may not reverse it." *Id.* (internal quotation marks omitted). "Nevertheless, . . . we may set aside a district court's factual findings if the court failed to properly take into account substantial evidence to the contrary or its factual findings are against the clear weight of the evidence considered as a whole." *United States v. Springer*, 715 F.3d 535, 545 (4th Cir. 2013) (internal quotation marks and alteration omitted).

Thompson does not challenge the district court's conclusion that he had clearly engaged in sexually violent behavior or child molestation. The uncontroverted record, which identifies several convictions involving sexual conduct with minors, supports this conclusion. Similarly, Thompson does not dispute the district court's determination that he is a pedophile. The four experts who submitted written forensic reports and testified at the hearing concurred that Thompson suffers from pedophilic disorder.

Thompson contends that the district court clearly erred when it found that he satisfied the third criterion. However, the four examiners stated in their reports and testified at length that, as a result of his pedophilia, Thompson would have serious difficulty refraining from sexually violent conduct or child molestation if released.

In light of the overwhelming evidence, we hold that the district court did not err in finding that Thompson clearly satisfied each of the criteria for commitment.

II

Thompson also raises a due process challenge to certain provisions of the Act. Because this issue was not raised below and the case does not present exceptional

3

circumstances, we decline to address the issue. *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002).

## III

We therefore affirm. We deny the motion to file a pro se supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*